**Jens Schmidt, OSB #843417**
**jens.schmidt@harrang.com**
**Jeffery J. Matthews, OSB #973280**
**jeffery.j.matthews@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541.485.0220
Facsimile:     541.686.6564
Of Attorneys for Defendants Douglas County
 and Douglas County Sheriff's Office

**D. Zachary Hostetter, OSB #100541**
**office@hostetterlawgroup.com**
HOSTETTER LAW GROUP, LLP
203 E. Main Street, Suite 2
PO Box 400
Enterprise, OR 97828
Telephone:     541.426.4584
Facsimile:     541.426.3281
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **GERALDINE ECKEL,** | Case No. 6:14-cv-00083-MC |
| Plaintiff, | **JOINT MOTION TO APPROVE SETTLEMENT** |
| vs. | |
| **DOUGLAS COUNTY, et al.,** | |
| Defendants. | |

The parties move the court for approval of the proposed settlement of this case because

the settlement of the case includes the settlement of a claim of a minor, N.E.

Plaintiff, individually and as general guardian for N.E., filed this lawsuit against Douglas

County ("County"), the Douglas County Sheriff's Office ("DCSO"), and John Does 1-3, who are

unidentified employees of the County or DCSO. She alleges twelve claims for relief. The gist of

Page 1 – **JOINT MOTION TO APPROVE SETTLEMENT**

all of her claims is that Mikel and Kimberly Root, acting within the course and scope of their

employment as deputy sheriffs in DCSO, and John Does 1-3, acting within the course and scope

of their employment for the County or DCSO, tortuously interfered with Plaintiff's parental

rights and custody of N.E. Defendants deny Plaintiff's allegations and have filed counterclaims

for their attorney fees and costs.

The parties have agreed to settle the case by Plaintiff agreeing to dismiss her claims with

prejudice in exchange for Defendants' agreement to dismiss their counterclaims with prejudice.

A proposed Full Settlement and Final Release of Claims is attached as Exhibit 1 to the

Declaration of Jens Schmidt in Support of Joint Motion to Approve Settlement, and a proposed

Stipulated Judgment of Dismissal is attached as Exhibit 2.

The court must approve the proposed settlement because it includes the settlement of the

claim of a minor. In *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011), the court

summarized the court's duty to approve a proposed settlement involving the claim of a minor:

> District courts have a special duty, derived from Federal Rule of
> Civil Procedure 17(c), to safeguard the interests of litigants who
> are minors. Rule 17(c) provides, in relevant part, that a district
> court 'must appoint a guardian *ad litem* – or issue another
> appropriate order – to protect a minor or incompetent person who
> is unrepresented in an action.' Fed.R.Civ.P. 17(c). In the context of
> proposed settlements in suits involving minor plaintiffs, this
> special duty requires a district court to 'conduct its own inquiry to
> determine whether the settlement serves the best interests of the
> minor.' *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978);
> *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.
> 1983) (holding that 'a court must independently investigate and
> evaluate any compromise or settlement of a minor's claims to
> assure itself that the minor's interests are protected, even if the
> settlement has been recommended or negotiated by the minor's
> parent or guardian ad litem.').

From the Defendants' perspective, the proposed settlement is in the best interests of N.E.

because Defendants believe that Plaintiff's claims are without merit. Defendants were not going

to offer any money to settle this case, and they intended to pursue their counterclaims for

Page 2 – **JOINT MOTION TO APPROVE SETTLEMENT**

attorney fees and costs. The best settlement offer they intended to make was the one which the

Plaintiff has accepted.  Schmidt Declaration at ¶¶ 2-6.

From Plaintiff's perspective, the proposed settlement protects the interest of N.E.

Counsel for plaintiffs has conducted additional witness interviews, analysis of the available

evidence, and of defendant's claim for costs and attorney fees.  Declaration of Zachary Hostetter

at ¶ 2.  In light of the available evidence, the risk presented by defendants' claim, and the

uncertainty inherent in litigation, plaintiff's counsel has determined that the settlement proposed

by the parties protects the interests of the minor child, N.E. *Id*. at  ¶ 3.


Dated:  July 1, 2014.                                        Dated:  July 1, 2014.

      HARRANG LONG GARY RUDNICK P.C.

By:  _s/ Jens Schmidt_                              By:  ___s/ D. Zachary Hostetter_____
    Jens Schmidt, OSB #843417                        D. Zachary Hostetter, OSB #100541
    Jeffery J. Matthews, OSB #973280                 Attorney for Plaintiff
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on July 1, 2014, I served or caused to be served a true and complete copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT** on the party or parties listed below as follows:

☑       Via CM / ECF Filing

☐       Via First Class Mail, Postage Prepaid

☐       Via Email

☐       Via Personal Delivery


D. Zachary Hostetter
Hostetter Law Group, LLP
203 E. Main Street, Suite 2
PO Box 400
Enterprise, OR 97828
 Attorney for Plaintiff

HARRANG LONG GARY RUDNICK P.C.


By:   s/ Jens Schmidt
    Jens Schmidt, OSB #843417
    jens.schmidt@harrang.com
    Jeffery J. Matthews, OSB #973280
    jeffery.j.matthews@harrang.com
    Telephone:    541.485.0220
    Facsimile:    541.686.6564
    Of Attorneys for Defendants Douglas County
     and Douglas County Sheriff's Office

00613227.v1

**CERTIFICATE OF SERVICE**